Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

*Local Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIAYA DANAN HARGIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABC PHONES OF NORTH CAROLINA, INC.<br><br>Defendant. | Case No. 1:25-cv-01466-BAM |

## RESPONSE TO ORDER TO SHOW CAUSE

Respondent Anthony Paronich files this response to the Court's Order to Show Cause of November 17, 2025, directing Respondent to show cause in writing why his application for admission *pro hac vice* should not be denied under Local Rule 180(b)(2). In response to the Order, Respondent states as follows:

   1.   I am currently an active member of the Bar of the Commonwealth of

Massachusetts and reside in Massachusetts.

2. I maintain my law offices in Massachusetts.

3. I do not reside in, advertise in, or actively solicit clients in California.

4. I am not regularly engaged in business, professional, or similar activities in California and have never engaged in business, professional, or similar activities in California.

5. For each of the 4 cases identified by the Court in its Order, I filed *pro hac vice* applications because I believe that I am not "engaged in business, professional, or similar activities" in California and therefore eligible for *pro hac vice* admission under the Local Rules.

6. Each of those motions were granted.

7. For further context, my practice consists almost exclusively of representing individuals across the country alleging violations of federal telemarketing laws in class action litigation against defendants nationwide. I am one of the few attorneys in the country that specializes in this type of litigation. The nature of this litigation necessarily has a nationwide aspect to it, as wire communications are a modality of interstate commerce and are interconnected as among the various states by virtue of the nationwide character of the telephone system.

8. I file or am otherwise a part of over 125 cases in federal courts per year in all jurisdictions and follow all local rules when applicable, including securing local counsel when required by courts.

9. Recently, my firm has seen an uptick in California-based defendants conducting illegal telemarketing to plaintiffs nationwide and two of the four cases involve California defendants.

10. To this end, each of the cases identified by the Court shows I am not regularly

engaged in business, professional, or similar conduct in California.

11.  I do not believe I am "regularly engaged in" business, professional, or similar activities in California that would disqualify me from *pro hac vice* admission.

12.  Like in *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2015 WL 1474866, at *3 (N.D. Cal. Jan. 14, 2015), apart from attending a handful of procedural and scheduling conferences, I have not appeared or argued in front of the district court on a motion-related matter in any of the case. Any procedural or scheduling conferences have been attended virtually from my offices in Massachusetts. I have submitted and signed, together with my local counsel, only a handful of submissions, which I researched and prepared from Massachusetts. I have never met my California clients in person, instead meeting with them only virtually. *See Walter E. Heller W., Inc. v. Superior Ct.*, 111 Cal. App. 3d 706, 710 (Ct. App. 1980).

13.  I do not reside in California nor do I maintain an in-state office. I conduct no legal work from California.

14.  Moreover, as the Northern District noted in *Wang v. Future Motion, Inc.*, the number of times an attorney is listed as counsel is not a factor in the analysis, but may be a pertinent fact to the analysis to show that an attorney is not a "one-time or occasional practitioner" in California. 646 F. Supp. 3d 1147, 1152 (N.D. Cal. 2022). In *Wang*, the Northern District denied admission when the attorney appeared in over 480 California cases as probative of his regular engagement of the practice of law in California. *Id.* Given my high volume of filings across the country (over 125 cases a year), coupled with the highly specialized and boutique area of practice, my practice in California is merely occasional, minimal, and accounts for what I estimate to be less than 5% of my filings, and shows I am an occasional practitioner in California, particularly in context.

15. I respectfully further submit that the nature of my practice, and the lack of Plaintiff's attorneys with the willingness and specialization to take on this sort of litigation, further constitutes special circumstances that the Court should consider.

16. For the foregoing reasons, the number of *pro hac vice* admissions filed in California reflects not the conduct of "business, professional, or similar activities" in California but rather reflects a rather high number of telemarketing calls originating out of California this year, together with the specialized and nationwide nature of my practice.

17. In addition, I respectfully submit that my participation in this matter is essential to the fair and efficient adjudication of this case. I am currently the only lead attorney for Plaintiff with extensive, specialized experience litigating nationwide class actions under the Telephone Consumer Protection Act. TCPA class actions involve intricate statutory and regulatory issues, evolving FCC orders, and complex questions of vicarious liability, consent, class certification, expert analysis, and dialing-technology evidence. Few attorneys in the country concentrate their practice in this area, and even fewer have the experience and resources necessary to prosecute a nationwide TCPA class on behalf of consumers. At present, no other attorney retained by Plaintiff possesses this specialized knowledge or experience. Without my admission, Plaintiff would effectively be left without qualified lead counsel.

18. Denying my pro hac vice admission would therefore have the practical effect of either (1) preventing Plaintiff from prosecuting this action altogether, or (2) forcing Plaintiff to seek entirely new counsel with comparable TCPA class action expertise—counsel who has not been retained, who may not be available or willing to accept representation, and whose substitution would significantly delay these proceedings and prejudice Plaintiff and the proposed class. The Federal Rules, the Local Rules, and the strong presumption in favor of a party's

chosen counsel all weigh against an outcome that would effectively terminate or cripple the Plaintiff's ability to vindicate federal statutory rights.

19. I pray that the Court discharge its order to show cause and grant admission *pro hac vice* based on the foregoing explanation.

20. I stand ready to provide any other information the Court may require in order to assist its investigation and demonstrate that I am not engaging in business, professional, or similar activities in California and remain eligible for *pro hac vice* admission.

Date: November 20, 2025

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com

Submitted by:

/s/ *Dana J. Oliver*
Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021
*Local Counsel for Plaintiff*